David W. CROSS, Plaintiff–Respondent,

v.

Marilyn J. CROSS,
Defendant–Appellant.

No. 56377.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 6, 1990.

Susan K. Roach, Roussin and Roach, Chesterfield, for defendant-appellant.

Greg S. Kessler, Daniel P. Card, II, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Wife appeals from a trial court ruling on her motion for temporary allowances. The court ordered husband to pay a total of $350 per week for child support, but denied wife's requests for maintenance and attorney fees. We affirm in part and reverse in part.

Husband filed a petition for dissolution of the parties' marriage in March of 1988. He alleged the parties married on September 28, 1969, separated February 17, 1988, and that two children were born of the marriage—a girl born March 16, 1980 and a boy born June 3, 1981. He alleged the children were in wife's custody and resided with her at the marital home in Chesterfield, Missouri. Husband prayed for joint custody of the children with wife having primary physical custody and husband paying reasonable child support. Wife answered asking for custody of the children, child support, maintenance and attorney fees.

In January of 1989 wife filed her original motion for allowances alleging in part:

6. That petitioner has agreed with respondent to pay the sum of $4,000 per month to respondent as temporary support of respondent and the minor chil-

dren and has made said monthly payments each month for the past year.

7. That petitioner has threatened to cease making monthly support payments to respondent, said payments used by respondent to make the mortgage payments on the marital home, tax and insurance payments on the marital home, and to make the lease payments on petitioner's automobile, and for the everyday living expenses of respondent and the minor children.

On February 14, 1989, wife filed an amended motion in which she alleged, "Petitioner has ceased to provide adequate support for respondent and the minor children, and respondent requires the sum of $1,550.00 per month child support and $5,968.00 per month maintenance."

Husband filed his financial statements in June of 1988 and wife filed her's in February of 1989. The hearing on wife's motion was held in February of 1989. Both parties valued the marital home at approximately $475,000 encumbered by a $230,000 mortgage. Their assets (marital and nonmarital) included a 1984 Mercedes, a 1981 Volvo and, excluding the marital home, exceeded $300,000 in value.[1] Their debts, excluding the home mortgage, were in excess of $100,000.

According to husband's income and expense statement his monthly take home pay, excluding an optional $550 deduction, was $6,571 ($3,033 bi-weekly). At the hearing he testified he took home $2,700 bi-weekly ($5,850 monthly), excluding the optional deduction, and that he had interest income of about $500 per month from nearly $80,000 remaining of their assets of which he had taken exclusive control. Wife's income and expense statement reveals that she was unemployed. Her financial statements and testimony established she was receiving interest income of over $800 per month from bank accounts and bonds exceeding $100,000 in value.

Husband listed expenses totalling $7,075 per month. Included in this total was $1,150 rent for his apartment and a $4,000 "allowance" for wife. According to husband's statement wife was to make payments totalling $2,740 from the "allowance." These payments included $1,608 for the marital home mortgage, $177 for house and automobile insurance, $500 for the loan on the Mercedes (which was in his possession), $166 for real estate taxes and $290 for other loans.

Wife listed expenses, including those for the children, totalling $7,518 per month. She included $1,927 for the marital home mortgage, $501 for the loan on the Mercedes, $164 for property taxes, $500 for vacations, $240 for a housekeeper and $150 for tennis lessons. At the hearing, wife testified the mortgage payment on the marital home would rise from $1,608 to $1,927 in April of 1989 and that husband had told her the tennis lessons were to be a gift from him to her and the children.

In reviewing the court's ruling on wife's motion for temporary allowances we keep the following in mind. The purpose of temporary allowances is to maintain the status quo pending final judgment. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 683 (Mo. App.1982). A reviewing court is extremely cautious about altering such allowances because they are temporary and their effects do not extend beyond the final hearing of the case. *Glick v. Glick*, 336 S.W.2d 528, 531 (Mo.App.1960). Judgments on motions for temporary allowances must stand upon their own merits and are in no way dependent upon the merits of the issues in the underlying dissolution case. *Dardick v. Dardick*, 661 S.W.2d 538, 540 (Mo.App. 1983).

A motion for an order for temporary maintenance and child support is authorized by § 452.315. An order for maintenance is to be made in conformity with § 452.335 which prescribes the findings that are a prerequisite to an order of maintenance and the factors to be considered in fixing the amount and terms of that maintenance. An order for support is to be made in conformity with § 452.340 which prescribes the factors to be considered in determining "an amount

---

1. Husband concedes some of their assets are wife's nonmarital property.

reasonable or necessary" for the support of a child. ... The paramount issue is the determination of the amount necessary to meet the "reasonable needs" for that maintenance and support. By statute both in regard to maintenance, § 452.335 Subsection 2(3) [now § 452.335.2(4), RSMo Supp.1989], and in regard to support, § 452.340[.1](4) [now § 452.335.1(3), RSMo Supp.1989], the court in fixing the amount is directed to consider the standard of living established during the marriage.... This factor is of particular importance where the marriage has been of a lengthy duration, ... [but] the amount is to be tempered by the [spouse]'s ability to pay.... In determining [that] ability, both present and past earnings may be considered.

*In re Marriage of Deatherage*, 595 S.W.2d 36, 39–40 (Mo.App.1980). (Citations omitted.) The standard of living during the marriage does not automatically establish "reasonable needs." *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857 (Mo. App.1977). Further, voluntary payments made to support a spouse and children may be considered in determining the reasonableness of awards of temporary allowances. *Mackey v. Mackey And Associates, Inc.*, 677 S.W.2d 349, 351 (Mo.App.1984), *Knauss v. Knauss*, 425 S.W.2d 713, 717 (Mo.App.1968).

The scope of ... review of court tried cases generally is limited by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Review of temporary allowances is to be had with regard to the fact that "[t]rial courts historically are clothed with broad discretion in determining the amount to be awarded as maintenance, and [an appellate] court reviews the record only to determine if a manifest abuse of such discretion appears." ... The burden of demonstrating an abuse of such discretion is upon the party who complains of the trial court's action.

*Deatherage*, 595 S.W.2d at 40. (Citations omitted.)

■ Wife first contends the amount of temporary child support the court awarded is error. She claims the evidence supported a larger award. In support of her claim she relies on the evidence of the family's standard of living which included a $475,000 home, two cars—a Mercedes and a Volvo, a housekeeper, tennis lessons, and high expenditures for vacations and recreation. In her amended motion for temporary allowances wife requested $1,550 per month for child support. The court awarded $350 per week. Shifted to an annual basis for comparison, wife requested $18,600 and the court awarded $18,200. Our review of the record leads us to conclude that the court's award of child support was not an abuse of discretion.

■ Wife's second contention is that the court erred in denying to her temporary maintenance. We agree. To satisfy the threshold issue of her entitlement to maintenance wife had to show 1) she lacked sufficient property to provide for her reasonable needs and 2) that she was unable to support herself through appropriate employment or is custodian of a child whose condition or circumstances make it appropriate she not be required to seek employment outside the home. § 452.335.1, RSMo Supp.1989, *Sarandos v. Sarandos*, 643 S.W.2d 854, 856–57 (Mo.App.1982). Husband argues the trial court's award could be supported because wife had available to her approximately $115,000 in assets.

After the dissolution of a marriage a party is not required to dispose of his marital and nonmarital property for living expenses before being entitled to maintenance. *See, e.g., In re Marriage of Brewer*, 592 S.W.2d 529, 535 (Mo.App.1979). In our view the same rule applies for awarding temporary maintenance. In fact, application of the rule is more significant at the time a temporary award is made because the court has not yet made a determination of what is marital and nonmarital property and the parties will be held accountable for the assets of the marriage upon dissolution. Husband's argument fails.

The evidence indicates that wife was unemployed, that wife had custody of the parties' two minor children, and that the family enjoyed a high standard of living as

evidenced by the marital home, the automobiles, their vacations and the rent of the apartment into which husband moved. Wife had interest income of slightly over $800 per month. Husband was receiving at least $5,850 per month in wages plus about $500 per month in interest. Wife claimed expenses, including those for the children, of $7,519 per month. Husband claimed expenses of $7,075 per month including a $4,000 payment to wife. Wife testified husband stopped making payments to her in January of 1989.

We believe the trial court abused its discretion in denying to wife temporary maintenance. The difficulty is determining the amount of temporary maintenance to be awarded. Wife has no duty to pay husband's bills, but should share in the burden of paying their mutual obligations. As with most hearings for temporary allowances, the evidence is not detailed. However, based upon the incomes and needs of both husband and wife, a minimal award of $1,250 per month for temporary maintenance is justified.

■ Wife's final contention is that the court abused its discretion in denying her prayer for attorney fees. Although wife requested attorney fees, at no time during the hearing on the motion for temporary allowances were attorney fees brought up. We are aware of the cases such as *Green v. Green*, 623 S.W.2d 265 (Mo.App.1981), which both parties cite, where awards of attorney fees by the court before which the parties appeared have been upheld although neither specific proof of the services rendered nor the reasonable value of those services was presented to the court. However, we have neither been cited to nor uncovered any cases in which a court was convicted of error for failing to grant attorney fees where no such evidence was adduced. We believe the trial court should not be found to have erred in the circumstances here, especially where the issue was not mentioned at the hearing.

That part of the judgment denying wife maintenance is reversed and the judgment is hereby modified ordering husband to pay wife $1,250.00 per month temporary maintenance. In all other respects the judgment is affirmed. Costs taxed against husband.

Judgment affirmed in part and reversed in part.

GARY M. GAERTNER, P.J., and CRIST, J., concur.