G.A. BUDER, III, Petitioner/Appellant,

v.

Helen R. BUDER, Respondent/Respondent.

No. 59984.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 11, 1992.

---

2. Rule references are to Missouri Rules of Court (1991).

C. Finn Sheehan, High Ridge, for petitioner/appellant.

Vines, Jones, Ross, Kraner & Rubin, Terry A. Bond, St. Louis, for respondent/respondent.

KAROHL, Judge.

Husband appeals from trial court order *pendente lite* which awarded wife $3,500 per month maintenance, $5,575 attorney's fees and $3,500 in suit money. We remand to the trial court to enter an order of maintenance in the amount of $1,100 per month. We affirm the award of attorney's fees and suit money.

Husband and wife married on November 25, 1965, and separated in 1990. No children were born of the marriage which was husband's second and wife's first. Husband had four children from his earlier marriage.

Wife quit her job as a stockbroker account executive just prior to the marriage and let her security dealer's license expire during the marriage. Wife has not been employed for wages outside the home since November 1965. Wife possesses a high school diploma and has taken a few college classes in art and English composition. Wife has some typing skills; however, she is not familiar with computers.

Husband is a petroleum geologist. He worked as an executive for a closely held

family corporation throughout the marriage until 1986. Husband has engaged in horse breeding and racing, without profit, for approximately fifteen years. The parties reported an average income on their joint federal tax return for the years 1984 through 1988 of $356,379. Their average income excluding losses attributable to racehorses for the same period was $600,951.

In his first point, husband alleges the court denied his request for findings of fact and conclusions of law contrary to Rule 73.01(a)(2). He claims the court denied his request for the reason that orders *pendente lite* are not appealable. If the court held this view, and we are unable to determine from the record it did, it erred. The law in Missouri is clear that *pendente lite* orders in domestic cases are appealable. *Cross v. Cross,* 790 S.W.2d 928, 930 (Mo.App.1990); *Tzinberg v. Tzinberg,* 631 S.W.2d 681, 682 (Mo.App.1982); *In re Marriage of Deatherage,* 595 S.W.2d 36, 38 (Mo.App.1980). However, we note husband's written request did not specify a controverted factual issue as required by Rule 73.01(a)(2), negating the duty of the court to make specific findings. *See Dardick v. Dardick,* 670 S.W.2d 865, 867 (Mo. banc 1984). *Weiss v. Weiss,* 702 S.W.2d 948, 951 (Mo.App.1986). The lack of findings in this case does not materially disrupt our ability to review the order. We consider all factual issues as having been found in accordance with the result reached. Rule 73.01(a)(2).

Next, husband contends the court erred in awarding $3,500 per month maintenance. Husband argues the awards are not supported by substantial evidence wife lacks sufficient property to provide for her reasonable needs or is unable to support herself through appropriate employment. Section 452.335.1 RSMo Cum.Supp.1991. Further, husband argues he is unable to meet both his needs and wife's.

"The purpose of temporary allowances is to maintain the status quo pending final judgment." *Cross,* 790 S.W.2d at 929. We are extremely cautious about altering them because they are temporary and do not extend beyond the final hearing of the case. *Id.* Section 452.315 RSMo 1986 authorizes a motion for temporary maintenance. The order must be made in conformity with § 452.335 RSMo Cum.Supp. 1991. *Id.*

The evidence at the hearing established wife owned a portfolio of stocks, bonds, money market funds, securities and cash with a value range of $325,000 to $400,000. Wife testified her 1991 estimated monthly income was $885. This was down from her 1990 income of $1,950 due to a discontinued stock dividend. Wife made one attempt to secure employment. She discovered she lacks the skills necessary to return to the type of position she held twenty-six years ago. The evidence supports a finding of need.

Wife lists her monthly expenses as $3,102.53. Included is $1,000 for school tuition and books. Husband challenged this expense. Wife testified she would like to attend college and pursue journalism. However, she had not applied to any schools for fall 1991 nor contacted them for anticipated expenses. The $1,000 expense for school and books is not a present expense of wife nor an expense to maintain a standard of living. "[S]upport payments must be limited to the demonstrable needs of the party receiving support and not to provide an accumulation of capital." *Heins v. Heins,* 783 S.W.2d 481, 483 (Mo. App.1990). We also discount wife's claim of expenses by $350 per month for legal fees because the court awarded these separately. Thus, wife's evidence is her expenses totaled $1,752.53 per month and her estimated income is $885 per month, leaving a deficiency of $867.53 per month. Wife also testified she enjoyed a high standard of living during the marriage and her actual expenses were low due to her limited resources. Even if this is true, the expenses were by her own arrangements and the order is temporary.

Husband listed expenses of $23,600, including $20,000 per month for racehorses valued at $150,000 and $2,000 per month credit card payments. He testified he had a quarterly expense of $6,500 for payments on a bank loan. He used the borrowed money to pay income taxes and for horse

expenses. Husband testified he gifted three-fourths of his shares in a limited partnership. The shares gifted generated between $1,875 and $3,000 monthly income. Husband also testified his statement of income and expenses did not include race winnings generated by horse races. Husband explained the income tax returns for 1985, 1986 and 1987 reflect extraordinary income from the dissolution of family-controlled companies. Husband's argument that he is unable to meet his needs while meeting those of his wife is without merit. Husband, through his own evidence, established he had the ability to make gifts of income producing assets and absorb thousands of dollars in racehorse losses year after year. *See* 26 U.S.C. § 183 (1989). Husband testified the horses had never generated any net income.

■ On the other hand, the award of $3,500 per month maintenance far exceeds wife's evidence of her reasonable needs. Wife testified husband gave her $1,100 per month throughout the course of the marriage to pay household bills, exclusive of any housing payment. Furthermore, husband gave wife a cushion check of $1,100 in September 1990 when wife left husband. After considering all relevant factors, we find wife is entitled to temporary maintenance in the amount of $1,100 per month. *See* § 452.335.2 RSMo Cum.Supp.1991.

■ Husband also contends the court erred in awarding wife attorney's fees and suit money because the award exceeds husband's ability to pay and wife's needs. Wife is in possession of assets. Husband is in possession of substantial assets. After reviewing the record, we find the award was well within the limits of judicial discretion. *See Probstein v. Probstein,* 767 S.W.2d 71, 74 (Mo.App.1989).

The award of attorney's fees and suit money is affirmed. We remand to the trial court to enter an award of temporary maintenance in the amount of $1,100 per month.

SMITH, P.J., and AHRENS, J., concur.