David F. HOLDER,
Petitioner/Appellant,

v.

Leona F. HOLDER,
Respondent/Respondent.

No. 60331.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1992.

Paskal, Cohen and Benson, R. Michael Fischer, Clayton, for petitioner/appellant.

Soraghan, Stockenberg, McKitrick & Gould, Barbara Blee Maille, Julie C. Ford, St. Louis, for respondent/respondent.

KAROHL, Judge.

Husband appeals from trial court order *pendente lite* which awarded wife $400 per month temporary maintenance and $500 attorney's fees.[1] We affirm the award of attorney's fees but remand to the trial court to enter an order of temporary maintenance in the amount of $127 per month.

This is husband and wife's second marriage to each other. Their first marriage lasted from 1952 to 1955 and produced one child. They were married a second time on February 28, 1986, and separated on May 23, 1989. Wife, age sixty-four, retired from Illinois Bell Telephone Company in February 1986. Wife helped run a tavern with husband until she underwent open heart surgery in 1988. Husband is age sixty-three. The parties dispute whether the tavern is marital or separate property.

Efforts to terminate the marriage began on May 25, 1989, when wife filed a petition for dissolution of marriage in St. Clair

1. We note the court actually awarded $500 in suit money by filling out a preprinted form. The section of the form for an award of attorney's fees was only partially completed. Wife petitioned the court for temporary maintenance, attorney's fees, suit money and costs. At the PDL hearing, wife presented evidence supporting an award of temporary maintenance and attorney's fees. She presented no evidence supporting an award of suit money. On appeal both parties characterize the $500 award as attorney's fees. Therefore, we assume the court erred in completing the form and intended the $500 award as attorney's fees.

County, Illinois. Husband, through counsel, entered a special and limited appearance and filed a motion to quash service.

Husband filed a petition for dissolution of marriage in the Circuit Court of the City of St. Louis on August 24, 1989. He obtained a temporary restraining order enjoining wife from prosecuting the dissolution action in St. Clair County.

In October 1989, wife's counsel learned of the Missouri proceedings and on October 25, 1989, wife obtained a temporary restraining order in Illinois enjoining husband from proceeding with the dissolution action in Missouri. In the meantime, both parties were working towards a settlement.

On December 12, 1989, husband obtained an interlocutory order of default in Missouri. Hearing was set for January 17, 1990. Wife received notice of the order and hearing on January 16, 1990. On January 17, wife obtained a temporary restraining order in Illinois enjoining husband from proceeding with the default hearing. The Missouri court held the hearing on the default judgment as scheduled and entered a decree of dissolution.

Wife filed a motion in the Missouri case to set aside the default decree. On October 29, 1990, the trial court sustained wife's motion. We upheld the trial court on appeal in an order opinion, *Holder v. Holder*, 823 S.W.2d 71 (Mo.App.1991).[2]

On December 3, 1990, wife filed an answer and cross-petition. On February 22, 1991, she filed her petition for temporary maintenance, attorney's fees, suit money and costs. Husband filed a motion to produce documents on March 13, 1991. Wife produced some of the documents at the hearing on the PDL motion on April 18, 1991. She did not produce copies of her checks and bank statements for 1991. Husband made an oral motion for a protective order and objected to wife introducing evidence of her current financial position. The court over husband's objections allowed wife to testify as to her income and expenses.

On appeal husband contends the court erred in denying his motion for protective order barring wife from testifying about her current financial condition. We review the judgment of the trial court under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Rule 58.01(a) allows for a party to serve on another party a request for production of documents. Rule 58.01(b) provides the party submitting the request may move for an order under Rule 61.01 if there is failure to respond to the request. Rule 61.01(d) states: "If a party fails ... to produce documents ... as requested under Rule 58.01, the discovering party may move for an order compelling compliance in accordance with the request." Husband concedes there was no motion to compel or order directing compliance entered in this case. If such a motion and order existed, the court could have opted in its discretion to stay the proceedings until compliance was made by wife. Rule 61.01(d)(2). However, husband did not follow the discovery procedures specified by the court rules when wife failed to produce her 1991 bank statements and checks. Accordingly, we find the court did not err in allowing wife to testify.

Next, husband alleges the awards of temporary maintenance and attorney's fees were against the weight of the evidence. Husband argues wife has sufficient property to provide for her needs and should be able to support herself on the $866.48 income she receives per month in social security and pension checks. Husband argues the fact wife did not file for temporary maintenance immediately after the separation proves wife has no need.

"The purpose of temporary allowances is to maintain the status quo pending final judgment." *Cross v. Cross*, 790 S.W.2d 928, 929 (Mo.App.1990). We are extremely cautious about altering them because they are temporary and do not extend beyond the final hearing of the case. *Id.* Section

---

**2.** We have adopted the procedural history of this case from a memorandum opinion written for the parties only.

452.315 RSMo 1986 authorizes a motion for temporary maintenance. The order must be made in conformity with § 452.335 RSMo Cum.Supp.1991. *Id.* We consider all factual issues as having been found in accordance with the result reached. Rule 73.01(a)(2).

 The evidence at trial established wife owns stocks and has $49,000 equity in her house in Illinois. Wife testified she has stock dividend income of $2.00 every other month. Otherwise, her assets are non-income producing. Since the parties separated, wife has been forced to dissipate her assets in order to pay her living expenses. The evidence supports a finding of need. Wife is not required to dispose of all her assets before being entitled to maintenance. *Cross,* 790 S.W.2d at 930.

Wife lists her monthly expenses as $1,537.94. This amount includes monthly attorney's fee payments of $100 to her Illinois attorney and $200 to her Missouri attorney. As attorney's fees are separately provided for in § 452.355 RSMo Cum. Supp.1991, wife is not entitled to include an expense for attorney's fees under the guise of maintenance. *See In re Marriage of Jadwin,* 671 S.W.2d 9, 12 (Mo.App.1984) (An award of attorney's fees is separate from and should not be considered as maintenance). Husband challenged wife's monthly clothing expense of $120 per month listed on wife's statement of income and expenses. Wife admitted on direct examination she does not spend $120 per month: "No, not really, it varies." This testimony is insufficient to support an award. Wife also admitted her monthly church contributions were overstated by $124.52 per month. Thus, wife's evidence is her expenses totaled $993.42 ($1,537.94 less amounts not proven by wife in support of PDL maintenance) and her income is $866.48 per month leaving a deficiency of approximately $127 per month.

Husband does not contend he lacks the ability to pay wife temporary maintenance. Indeed, husband's income is $3,085 per month and his expenses are $743[3] per

month. Husband is able to meet his needs while meeting those of wife.

On the other hand, the award of $400 per month temporary maintenance exceeds wife's evidence of her reasonable needs. After considering all relevant factors, we find wife is entitled to temporary maintenance in the amount of $127 per month. *See* § 452.335.2 RSMo Cum.Supp.1991. We also find the award of attorney's fees was within the limits of judicial discretion. *See Probstein v. Probstein,* 767 S.W.2d 71, 74 (Mo.App.1989).

The award of attorney's fees is affirmed. Denial of husband's motion for protective order is affirmed. We remand to the trial court to enter an award of temporary maintenance in the amount of $127 per month.

SMITH, P.J., and AHRENS, J., concur.

---

3. The $500 claimed expense for medical insurance is not a present expense of husband.