**Margaret K. TISONE,**
**Petitioner/Respondent,**

v.

**Nicholas D. TISONE,**
**Respondent/Appellant.**

No. 64465.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1994.

William P. Grant, Clayton, for appellant.

Homer N. Mastorakos, Chesterfield, for respondent.

CRAHAN, Judge.

Nicholas D. Tisone ("Husband") appeals the trial court's pendente lite order directing him to pay Margaret K. Tisone ("Wife") $750.00 per month temporary maintenance and $5,000.00 in attorneys' fees. We affirm.

First, Husband asserts the trial court erred in awarding Wife temporary maintenance. Section 452.315 RSMo 1986 authorizes a motion for temporary maintenance. The order must be made in conformity with § 452.335 RSMo Cum.Supp.1993, which sets forth factors to be considered in determining the amount of maintenance.

■ The purpose of temporary allowances is to maintain the status quo pending final judgment. *Cross v. Cross,* 790 S.W.2d 928, 929 (Mo.App.1990). A reviewing court is extremely cautious about altering such allowances because they are temporary and do not extend beyond the final hearing of the case. *Id.* Trial courts have broad discretion in determining the amount to be awarded as maintenance and Husband has the burden of showing that the award was so excessive that it constituted an abuse of discretion. *Francis v. Francis,* 823 S.W.2d 36, 38 (Mo.App. 1991).

The record reflects that Wife and Husband began living apart when Husband was transferred to a new position in Louisiana. In order to take advantage of the company's relocation program, the marital residence was sold. However, due to the uncertain duration of the transfer, it was decided that Wife and child would rent a condominium in St. Louis while Husband made appropriate arrangements in Louisiana. After moving to Louisiana, however, Husband ceased sharing with Wife the funds required to maintain the household in St. Louis. The record indicates that Husband had gross annual earnings in excess of $130,000.00 while Wife had monthly income of just over $1,000.00 per month.

Using the funds derived from the sale of the marital home, Husband purchased a home on private country club grounds in Louisiana. Meanwhile, Wife fell into arrears on the rental payments for the condominium and was forced to forego such necessities as car maintenance and replacement of worn and dated business attire. Eventually, Wife was forced to miss meals in order to feed the child. The condominium landlord refused to renew the lease because of the arrearages. Wife lived temporarily with friends and eventually found a cheaper place to live. Wife identified numerous necessary expenses that were simply being deferred due to her lack of funds.

■ In calculating the award, the trial court expressly noted it would take into consideration the fact that Wife's statement of income and expenses related to her present standard of living, and not her standard of living during the marriage. Section 452.335.-2(4), RSMo Cum.Supp.1993, states that "the standard of living established during the marriage" is one factor to be considered in issuing a maintenance order. Wife's testimony at the hearing revealed a wide disparity between her current living conditions and the standard of living established during the marriage.

Husband relies on *Buder v. Buder,* 824 S.W.2d 483, 485 (Mo.App.1992) for the proposition that a pendente lite order should not be used to elevate a party to her former standard of living where the party has reduced her expenses voluntarily or "by her own arrangement." However, contrary to Husband's interpretation, nothing in *Buder* suggests that the parties' former standard of living is not a factor to be considered in awarding maintenance pendente lite. Further, the record refutes Husband's contention that the dramatic disparity between the relatively comfortable circumstances Wife enjoyed before being essentially abandoned by Husband and her penurious circumstances at the time of filing were "by her own arrangement." The record amply supports a determination that Wife's reduction of expenses was the only rational response to Husband's refusal to provide her with even a bare minimum level of funds required to sustain a household for herself and her child. Moreover, Wife testified that the limited income available to her was insufficient to support herself and to pay for basic necessities such as rent, utilities, clothing and food. This evidence supports a finding of need.

Further, the trial court is to consider the "comparative earning capacity of each spouse" in determining the amount of a maintenance award. § 452.335.2(3) RSMo Cum.Supp.1993. As noted above, the record reveals a large differential in the earnings of the parties and fully supports a finding that Husband has the ability to pay the court ordered temporary maintenance.

■ Husband nevertheless argues that Wife's monthly income is sufficient to meet her expenses as set forth in her Statement of Income and Expenses, when her expenses are adjusted downward for changes in her circumstances after the Statement was filed with the court. After these adjustments, according to Husband's calculations, Wife's income would actually exceed her listed expenses. Thus, Husband argues Wife is not entitled to any maintenance, citing *Holder v. Holder*, 826 S.W.2d 379, 381 (Mo.App.1992), for the proposition that a maintenance award must not exceed the reasonable needs of the requesting party. *Holder* is inapposite to the facts of this case. In *Holder*, wife conceded that her statement of expenses exceeded her ongoing needs. *Id.* In contrast, in this case Wife's testimony indicated that the level of expenses reflected on Wife's statement of income and expenses was intended to and did reflect Wife's recapitulation of the amounts she was then incurring in an effort to live within her limited income and was not a reflection of current need.

Husband also argues that the trial court improperly considered Wife's legal fees in determining her reasonable needs. There is nothing in the record to indicate that the trial court considered these fees in awarding maintenance. We consider all factual issues as having been resolved in accordance with the results reached. Rule 73.01(a)(3).

■ We find there is sufficient evidence in the record to support the trial court's determination that Wife could not meet her reasonable needs. In light of the incomes and needs of both Husband and Wife, the trial court did not abuse its discretion in awarding $750.00 per month for temporary maintenance. Point denied.

Finally, Husband contends that the trial court erred in awarding Wife $5,000.00 in attorneys' fees. Husband argues that the trial court improperly considered legal fees in connection with proceedings unrelated to the present cause of action.

■ The trial court is an expert in the reasonableness of attorney fees, and its award of such fees shall only be modified upon a finding of abuse of discretion. *Flach v. Flach*, 645 S.W.2d 718, 722 (Mo.App.1982). We find no such abuse here.

At the hearing, Wife's counsel introduced into evidence an itemized invoice showing charges for his professional services in the amount of $6,137.00. The invoice included time for work performed not only in the Missouri dissolution proceeding, but also in an adult abuse proceeding and in a separate Louisiana dissolution proceeding. According to Husband's calculations, only $4,619.00 of the $6,137.00 in attorneys' fees set forth in the invoice is directly related to the Missouri dissolution action.

During the hearing, Husband objected to the trial court's consideration of fees charged for time spent in connection with the adult abuse proceeding and the Louisiana proceeding. In response to this objection, the trial court expressly stated that it would separate those charges in calculating the award of attorneys' fees and "act accordingly." Husband's assumption that the trial court improperly awarded fees based on separate and distinct actions is therefore not supported by the record.

■ Further, the trial court is not limited to earned fees but can award fees to be incurred. *Id.* Here, the invoice set forth time and costs incurred through May 1, 1993, but did not include fees for time spent subsequent to that date, including costs in connection with the hearing on May 27, 1993. Thus, the trial court had sufficient evidence before it to support the amount awarded. Point denied.

The judgment is affirmed.

JAMES R. REINHARD, P.J., and GARY M. GAERTNER, J., concur.