

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | |
|---|---|
| ELLEN R. GREENBERG n/k/a KLAMON, ) | No. ED99952 |
| ) | |
| Respondent, ) | Appeal from the Circuit Court of |
| ) | St. Louis County |
| vs. ) | |
| ) | |
| BARRY J. GREENBERG, ) | Honorable John R. Essner |
| ) | |
| Appellant. ) | Filed: February 10, 2015 |

### *Introduction*

Barry Greenberg (Husband) appeals the judgment entered by the Circuit Court of St. Louis County modifying the decree of dissolution between Husband and Ellen Klamon (Wife) in which the trial court increased Husband's maintenance obligation from $4,000 per month to $4,400 per month. Husband claims that the trial court erred in: (1) granting Wife's motion to increase maintenance; and (2) denying his motion to decrease maintenance. We reverse and remand.

### *Factual and Procedural Background*

Husband and Wife divorced in 2001. The original judgment and decree of dissolution awarded Wife maintenance of $5,000 per month for one year following the dissolution and then

reduced the maintenance award to $4,000 per month. The judgment further ordered Husband to pay a portion of Wife's attorney fees in the amount of $6,525.[1]

On January 20, 2011, Husband filed a motion to modify maintenance, alleging a substantial and continuing change in circumstances that rendered the original maintenance provision of the decree of dissolution unreasonable. Specifically, Husband alleged, among other things, that: (1) Wife was employed and had sufficient assets or income to support herself without contribution from Husband; and (2) Husband experienced a substantial decrease in income since entry of the decree and did not have sufficient assets to pay maintenance. Husband requested that the court either terminate or reduce his maintenance obligation and require Wife to pay his attorney fees and costs in this matter. On March 9, 2011, Wife filed her counter-motion to modify, alleging that substantial and continuing changes made the monthly maintenance amount "unjust and inappropriate." Specifically, Wife alleged that: (1) her cost of living increased due to inflation; (2) she developed health issues that limited her ability to earn and increased her monthly expenses; and (3) she was unable to meet her needs with her income from employment and maintenance from Husband. She requested that the trial court increase her award of maintenance and order Husband to pay all her attorney fees and costs incurred as a result of the proceeding for modification.

The trial court held a hearing on the motions on May 21, 2012 and December 14, 2012.[2] On the first day of the hearing, Husband stipulated that he was able to pay his current maintenance obligation of $4,000 per month but maintained that Wife had sufficient assets and income to support herself without his contribution.

---

[1] In 2007, the trial court modified the decree of dissolution with respect to custody of the parties' children. The maintenance provision remained the same.

[2] The hearing was continued in May 2012 due to Wife's illness.

On the second day of the hearing, Wife testified that she was self-employed as an artist and metal-smith and had established two house-staging businesses. She stated that at the time of the divorce, she was not working but the trial court imputed an income to her of $1,000 per month. Wife stipulated that currently she was "capable of making [$]24,000 a year" although she testified that she had never earned more than $22,000 per year.

Wife testified that, since the divorce, to "try to supplement her income," she sold her home in Ladue for $710,000 and "downsized" to a home in Glendale, which she purchased for $459,000. Wife stated that to "try to live within … what I was given and what I was making," she sold the Glendale house in 2012 for $465,000 and bought her current home for $285,000.

Wife also offered, and the trial court admitted, her second amended statement of income and expenses, stating her monthly expenses totaled $8,304.00.[3] Wife testified that since the divorce, the most "glaring" increase in her expenses was "anything health related" due to her history of breast cancer, foot and eye "problems," and high blood pressure. She explained that her health insurance premium had increased from $250 per month in 2000 to $785 per month at the time of the hearing, and it continued to increase every six months, as indicated on her second amended statement of income and expenses. Wife stated that she included an expense of $750 per month for "medical, dental, and drugs" costs "that are not covered by insurance."

Wife also testified that since the divorce, her legal expenses were "dramatically different." She explained that she listed "Legal Fees" at $2,000 per month in her second amended statement of monthly income and expenses because "that's about what it works out to

---

[3] Wife filed her statement of income and expenses one month after she filed her counter-motion to modify and her first amended statement of income and expenses four days before the first day of the hearing.

be" after "add[ing] the amount of legal fees … paid to the two lawyers" and "divid[ing] by the number of months" since she was "served with [Husband's] motion till the present date."

In regard to her costs incurred in the modification proceeding, Wife offered and the trial court admitted into evidence her second amended statement of property.[4] Under "Other Indebtedness," Wife claimed $88,300 in attorney fees.

On March 10, 2013, the trial court issued its findings of facts, conclusions of law, and judgment, denying Husband's motion to modify maintenance and granting Wife's counter-motion to modify maintenance. The trial court found, based on Wife's tax returns, that: (1) in 2009, Wife's income from employment was $1,800; (2) in 2010, Wife's businesses lost approximately $1,800; and (3) in 2011, Wife earned $10,100 in net profit. The trial court also found that Husband and Wife "stipulated and agreed … that income be imputed to [Wife] in the amount of $24,000.00 per year, or approximately $2,000.00 per month."

The trial court found that Wife's reasonable monthly expenses were $6,000. In determining this amount, the court considered Wife's second amended statement of income and expenses and reduced several of her claimed expenses that were not supported by "credible evidence." Among its reductions, the trial court found that Wife's claim that she spent $2,000 per month on "legal services" was not supported by credible evidence and reduced the amount to $1,000.[5]

---

[4] Wife filed her statement of property when she filed her statement of income and expenses and first amended statement of property when she filed her first amended statements of income and expenses.

[5] The trial court also reduced the following expenses in Wife's second amended statement of income and expenses: "Medical Care, Dental Care, & Drugs" from $750 to $300; "Food" from $600 to $400; "Recreation" from $250 to $175; "Barber Shop or Beauty Shop" from $200 to $150; "School & Books/Evening & Weekend Classes" from $84 to $10; "Home Maintenance and Repairs/Household Goods and Supplies" from $750 to $300; "Lawn Maintenance" from $200 to $150; and "Vacation and Daughter Visits" from $200 to $150.

Based on its findings, the trial court determined that Wife made reasonable efforts to pursue the goal of self-sufficiency but "continue[d] to need a reasonable amount of maintenance" from Husband and had "insufficient income with which to meet her reasonable needs without a reasonable contribution of monthly maintenance from [Husband]." Regarding Wife's medical conditions, the court stated that "[t]here was insufficient evidence … to determine to what degree, if any, [Wife's] medical issues will have on [her] ability to support herself in the future." The trial court also found that Husband "abandoned his claim that he has insufficient income and resources from which to pay his reasonable needs and contribute a reasonable amount of maintenance to [Wife]." The trial court concluded that "there has been a change in circumstances so substantial and continuing as to make the [original maintenance provision] unreasonable" and require modification. Accordingly, the trial court ordered an increase in its award of maintenance from $4,000 per month to $4,400 per month.

Finally, the trial court found that Wife had incurred $58,000 in attorney fees since Husband filed his motion to modify. The trial court determined that this amount was "fair and reasonable" and Husband should pay a reasonable portion of Wife's attorney fees and costs. Accordingly, the trial court ordered Husband to pay $44,700 "for a portion" of Wife's reasonable attorney fees and costs. Husband appeals.

### *Standard of Review*

We will affirm the trial court's judgment on a motion to modify maintenance unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. In re Marriage of Lindhorst, 347 S.W.3d 474, 476 (Mo. banc 2011). We view the evidence and permissible inferences therefrom in the light most favorable to the trial court's judgment and disregard all contrary evidence and inferences. Maninger v.

5

Maninger, 106 S.W.3d 4, 9 (Mo.App.E.D. 2003). Under this standard, we accord considerable deference to judgments turning on evidentiary and factual evaluations by the trial court. Buchholz v. Buchholz, 166 S.W.3d 146, 152 (Mo.App.S.D. 2005). However, we accord no deference when the law has been erroneously declared or applied. Id.

### *Discussion*

In his first point, Husband asserts that the trial court erred in granting Wife's counter-motion to modify maintenance and increasing Wife's maintenance from $4,000 per month to $4,400 per month because "there was no substantial and continuing change of circumstances existing to justify an increase in maintenance." Specifically, Husband contends that: (1) the trial court erred in including $1,000 in legal expenses in its calculation of Wife's monthly reasonable expenses; and (2) Wife could meet her reasonable needs without an increase in maintenance because her imputed income of $2,000 plus her maintenance award of $4,000 exceeded her monthly expenses. Wife counters that substantial evidence of change in circumstances supported the trial court's judgment.

Section 452.370.1 provides, in pertinent part, that: "the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms [of the original award] unreasonable." Mo. Rev. Stat. § 452.370.1. The party seeking modification has the burden of establishing with "detailed evidence" that a substantial and continuing change in circumstance has occurred and that the terms of the original decree have become unreasonable. McKown v. McKown, 280 S.W.3d 169, 172 (Mo.App.W.D. 2009).

"[T]he court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties[.]" Mo. Rev. Stat. § 452.370.1. If

an income change renders the obligor spouse unable to pay the original maintenance award, or the obligee spouse becomes able to meet her reasonable needs without the original award, a substantial and continuing change may occur that justifies modifying or terminating maintenance. McKown, 280 S.W.3d at 172. Importantly, an "increase in income of an obligee spouse will not automatically justify modifying maintenance." Winchester v. Winchester, 163 S.W.3d 57, 60 (Mo.App.S.D. 2005). "Where the obligee spouse's income increased, but she still cannot meet her needs, a change in circumstances making the original award unreasonable has not occurred." McKown, 280 S.W.3d at 173.

To support its determination that "there has been a change in circumstances so substantial and continuing as to make the [original maintenance provision] unreasonable," the trial court found that Wife was capable of earning $2,000 and her reasonable monthly expenses were $6,000 per month. Based on these figures, the trial court found that Wife had an "insufficient income with which to meet her reasonable needs without a reasonable contribution of monthly maintenance from [Husband]."

Husband asserts that the trial court erred in finding Wife could not meet her reasonable needs because it erroneously included $1,000 per month in legal services when it calculated Wife's monthly expenses. Husband contends that the trial court cannot include legal services in its calculation of monthly expenses for maintenance because attorney fees are awarded under section 452.355.[6] To support his contention, Husband cites Holder v. Holder, 826 S.W.2d 379

---

[6] Section 452.355.1 provides that a trial court

> after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and

(Mo.App.E.D. 1992). In <u>Holder</u>, this court held that a trial court cannot consider monthly expenses for attorney fee payments when calculating a spouse's reasonable expenses. <u>Id.</u> at 381. We explained: "As attorney's fees are separately provided for in section 452.355 …, [a spouse] is not entitled to include an expense for attorney's fees under the guise of maintenance." <u>Id.</u>

At oral argument, counsel for Wife conceded that, for purposes of maintenance, attorney fees for the "instant action" should not be included in the calculation of a party's monthly expenses. However, Wife's counsel maintained that the holding in <u>Holder</u> was "narrow" because section 452.355 did not apply to "prior awards or ongoing expense[s]." Counsel argued that, because Wife testified at the hearing that she was "incurring on average since the entry of original judgment $2,000 per month," the trial court did not err in including the "ongoing" or "prior" expense in its calculation of Wife's monthly expenses.

The record reveals that, at the hearing, Wife testified that she calculated her legal fees as $2,000 per month by "add[ing] the amount of legal fees … paid to the two lawyers" and "divid[ing] by the number of months" since she was "served with [Husband's] motion till the present date."[7] Given that Wife's claimed monthly legal expenses arose solely from the maintenance modification proceeding, we need not consider whether section 452.355 applies only to attorney fees incurred in the "instant action," and we conclude that the trial court erred in including the claimed legal fees generated in connection with this instant proceeding in its calculation of Wife's reasonable expenses.

---

costs incurred prior to the commencement of the proceeding and after entry of a final judgment.

Mo. Rev. Stat. § 452.355.

[7] Further, at oral argument, Wife's counsel stated that Wife had incurred over $88,000 in attorney fees for the pending motion to modify.

Based on its erroneous calculation of Wife's reasonably monthly expenses, the trial court found that Wife was unable to meet her reasonable needs and a substantial and continuing change in circumstances made the original maintenance award unreasonable. We reverse and remand the judgment increasing Wife's maintenance for the trial court to recalculate Wife's reasonable monthly expenses and reconsider whether a substantial and continuing change in circumstances supports an increase in maintenance. Point granted.

In his second point on appeal, Husband asserts that the trial court erred in denying his motion to modify maintenance because "a substantial and continuing change existed to require a decrease in [his] maintenance obligation to [$3,000 per] month" in that Wife's monthly income of $2,000 plus her monthly maintenance award of $4,000 exceeded her monthly expenses of $5,000. Wife counters that Husband failed to demonstrate a change in circumstances to support a termination of or decrease in maintenance.

Husband asserts that Wife's monthly income plus monthly maintenance award exceeded her reasonable monthly expenses by $1,000, and therefore a change in circumstances existed to support a decrease in maintenance. After calculating Wife's reasonable monthly expenses as $6,000, the trial court found that Wife had "insufficient income with which to meet her reasonable needs without a reasonable contribution of monthly maintenance from [Husband]." However, as previously stated, the trial court erred in including in its calculation of Wife's monthly expenses $1,000 for legal fees. Accordingly, we reverse and remand for the trial court to recalculate Wife's reasonable monthly expenses and determine whether there was a substantial

and continuing change in circumstance to support a modification of maintenance decreasing Husband's monthly obligation.[8]

### *Conclusion*

We reverse and remand the trial court's judgment denying Husband's motion to modify maintenance and granting Wife's counter-motion to modify maintenance insofar as its findings of change in circumstances and Wife's inability to meet her reasonable needs were based on its erroneous calculation of Wife's monthly expenses. We remand to the trial court for reconsideration of whether there is a change in circumstances to grant either Husband's motion to modify or Wife's counter-motion to modify in light of this opinion.

_____
Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.

---

[8] We note that the record supports the trial court's finding that Husband "abandoned his claim that he has insufficient income and resources from which to pay his reasonable needs and contribute a reasonable amount of maintenance to [Wife]." At the hearing, Husband stipulated that he was able to pay his current maintenance obligation of $4,000 per month. He also testified that since filing his motion to modify, his income has increased and he earned enough to meet his monthly expenses, including Wife's maintenance.