**In re the Marriage of Deborah TZINBERG, Respondent,**

v.

**Leslie TZINBERG, Appellant.**

**No. 43056.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 1982.

Chester A. Love, Daniel P. Card, II, Michael E. Gans, Steinberg & Crotzer, Clayton, for appellant.

Julius H. Berg, Clayton, for respondent.

SMITH, Presiding Judge.

■ Husband appeals from an order of the trial court awarding wife temporary custody of the three children of the marriage, temporary maintenance, temporary child support, and attorney's fees on account. This pendente lite order in the dissolution action is final and appealable. *In re Marriage of Deatherage*, 595 S.W.2d 36 (Mo.App.1980) [1–4]. Husband has, on this appeal, challenged all portions of the order except the award of temporary custody. Specifically, the court awarded temporary maintenance of $400 per month, support of $200 per month per child ($600 total), $2500 attorney's fees on account and ordered husband "to pay the mortgage payment on the family home ... in the amount of $502.00 per month and the utilities, water, electricity, gas and telephone."

■ Husband's first attack is on the order directing payment of utilities on the basis that the order is vague and indefinite and open-ended in that wife has control over the extent of utilities used (particularly long-distance telephone). Assuming that the order is subject to such attack,[1] it is easily correctible. The only evidence, un-

contradicted, of utility expense was the wife's estimate of $300 per month. Pursuant to Sec. 512.160.3 RSMo 1978 we are authorized to give such judgment as the trial court should have given. We therefore will order the reference to utilities stricken from the order and increase the monthly award of maintenance by $300.

■ Next husband attacks the mortgage provision on the basis that Sec. 452.315 RSMo 1978 does not authorize a court to require a party to pay established debts and liabilities of the parties. We disagree. Husband cites no authority denying a court such power and concedes that such authority does exist in a final decree determining the rights of the parties. *Cain v. Cain*, 536 S.W.2d 866 (Mo.App.1976) [6]. Temporary maintenance awards are to be determined on the basis of the criteria set forth in Sec. 452.335, RSMo 1978. § 452.315.5. The award is to cover the reasonable needs of the spouse receiving the award. Housing is certainly a reasonable need. Payment of a mortgage may be necessary to insure that housing utilized by the spouse receiving the award is available. Such an amount could be included as an item making up the total maintenance award. But the marital home is not at this stage of the proceedings the property of either spouse. Its ultimate disposition is still to be determined. Simply awarding the monthly mortgage payments as a portion of a maintenance award provides no guarantees that it will be used for that purpose. Making the award in the fashion done here provides protection to husband that the payments will be used for the purpose intended thereby protecting property in which he has an interest. We find neither a lack of authority nor an abuse of discretion in the order regarding the mortgage payments.

■ Husband next complains of the amount of the total award of maintenance, child support, utilities and the mortgage. We have reviewed the transcript and exhibits and find no error. The issue of the

---

1. *See Loomstein v. Mercantile Trust Nat'l. Assoc.*, 507 S.W.2d 669 (Mo.App.1974); *Meyer v. Meyer*, 599 S.W.2d 6 (Mo.App.1980). *But see,* *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App. 1981).

husband's income was sharply contested and we conclude that giving deference to the trial court on credibility there was evidentiary support for finding sufficient income in the husband to warrant the awards made. No argument can be made on the evidence that the financial needs of the wife and children did not equal or exceed the awards as made. Husband challenges the award of maintenance on the basis that the wife is capable of working and earning some of the income necessary to meet her needs. There is no question the wife is capable of working. At the time of the hearing she was attending college to improve her potential employment status. We must keep in mind that the award here is for temporary maintenance pending trial of the entire case on all issues including the irretrievable breakdown of the marriage, which husband denies. Whether wife's additional education is necessary or desirable for her future employment, and whether rehabilitative maintenance or any maintenance is warranted, will be decided at that trial. We find no abuse of discretion by the trial court in refusing, on a motion for temporary maintenance, to require the wife to give up her educational pursuits and seek employment prior to full and final determination of the status of the marriage and the wife's needs. Temporary awards are just that—temporary—intended to maintain the status quo pending final judgment. It would be contrary to that intention to require the wife to give up her education, which may be necessary for her future employment, and seek work before the full evidentiary hearing prior to final judgment, particularly where the evidence establishes the husband's ability to pay the maintenance.

Husband's final attack is on the award of attorney's fees. This attack again raises husband's ability to pay and wife's employability. For the reasons heretofore stated, we find no abuse of discretion in the court's award. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Order of the trial court is amended to delete provision for payment of utilities by husband and provide for monthly temporary maintenance of $700 and as amended is affirmed.

SATZ and PUDLOWSKI, JJ., concur.