**Anna Margaret JENSEN, Respondent,**

v.

**John Larry JENSEN, Appellant.**

**No. WD 35138.**

Missouri Court of Appeals,
Western District.

Feb. 28, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 1, 1984.

Patrick J. Eng, Columbia, for appellant.

David L. Knight, Columbia, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

John Jensen appeals the order of the trial court awarding $400 per month temporary maintenance during pendency of dissolution of marriage proceeding. The order for temporary maintenance is appealable. *In re Marriage of Deatherage*, 595 S.W.2d 36, 37–38 (Mo.App.1980). Mrs. Jensen requests damages for frivolous appeal. We affirm the judgment and assess damages for this frivolous appeal against the husband.

During the pendency of her action for dissolution of marriage, Mrs. Jensen filed a motion for temporary maintenance, attorney fees and suit money. The trial court awarded her $400 per month temporary maintenance and denied attorney fees and costs.

At the hearing in July, 1983, she testified that at the time of separation in April, 1982, she withdrew $17,751 from the couple's joint funds. She spent all but $700 of that amount for her own support, including her tuition and books for nursing school, commuting to school, car expenses, and rent, and for the support of her daughter for twelve months. At the time of the hearing, her only source of income was a part-time summer job on call in a nursing home which yielded less than $100 per month. She testified that her monthly expenses ran $1,192.00.

Mr. Jensen was employed full-time as a foreman with a construction company, earning $15.25 per hour. His wages in 1982 were $26,918. In 1982 he also received $844.94 in interest. He grossed

$437.67 from the sale of wheat in July, 1983. *After considerable effort,* counsel dragged from him the admission that he had "[p]robably six or seven thousand" dollars in cash on hand, although he had not counted it that morning. He also maintained a checking account in the amount of $500. He had only "day-to-day" debts. He contributed to the support of his two college-age children who were both employed on a part-time basis. He had paid two months' rent for his estranged wife and had purchased groceries one time. He claimed recent losses of $10,000 or $12,000 in a gambling indulgence in Las Vegas. In his testimony Mr. Jensen did not contest any of his wife's testimony concerning her resources or needs.

Mrs. Jensen testified that she could not depend upon her skills in real estate sales or computer data entry for her support, but felt that an R.N. degree (which she would receive in May, 1984) would enable her to become self-supporting.

■■■ Temporary maintenance awards are to be determined on the basis of the factors set forth in § 452.335.[1] *In re Marriage of Tzinberg,* 631 S.W.2d 681, 682 (Mo.App.1982). Appellant husband does not refer to these factors but alleges that maintenance is unnecessary. The purpose of temporary awards is to maintain the status quo pending final judgment. *Id.* at 683. The trial court would have been acting contrary to that purpose in requiring the wife to abandon her education and to seek full-time employment. *Id.*

■■■ The evidence at trial supported no other conclusion than that the husband had ample ability to provide temporary support and that the wife was in need of the support ordered.

In light of the facts adduced at trial, appellant husband's arguments in support of his contention that temporary maintenance is unnecessary are not persuasive. He maintains that Mrs. Jensen's withdrawals from joint funds were more than adequate for her support, that she is employed

and that he has provided her with financial assistance. Several of the "facts" upon which he has placed his reliance are glaring misstatements of the evidence. Mrs. Jensen presented uncontradicted evidence that of the funds she had withdrawn only $700 remained. Her employment was a part-time summer job generating less than $100 per month. Finally, the husband's financial assistance during the sixteen-month period of separation consisted of $380 for rent and a single purchase of groceries. He did not dispute the evidence of his income nor present evidence of his own expenses but simply asserted that he did not have much to pay to the wife. He made no attempt to contradict his wife's stated needs.

The evidence adduced at the hearing fully supports the decision of the trial court. We affirm the award of $400 monthly temporary maintenance.

■■■ Pursuant to Rule 84.19, Mrs. Jensen has requested assessment of damages against appellant husband for frivolous appeal. Rule 84.19 has two purposes: First, to prevent appellate dockets from being cluttered with meritless appeals at the cost of delaying those which have merit and, second, to compensate respondents for the costs of responding to meritless appeals. *Doran, Inc. v. James A. Green, Jr. & Co.,* 654 S.W.2d 106, 110 (Mo.App.1983). To avoid assessment of damages for frivolous appeals, an appellant must present issues on appeal which are "at least fairly debatable." *Id.*

■■■ We have searched the record for evidence supporting appellant's charge that temporary maintenance is unnecessary and have found none. Moreover, the husband's six-page brief represents an indifferent effort at research and writing. The brief contains only one citation of authority, *Thummel v. King,* 570 S.W.2d 679 (Mo. 1978) (en banc), for the proposition that citation of authority in this case is not essential. Reliance on *Thummel v. King* is inappropriate. Citation of authority on this

---

1. Revised Statutes of Missouri, 1978.

appeal was essential to the husband's case.[2] We further note that the husband's point on appeal refers to the incorrect standard of review. We review this type of case under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976) (en banc); the husband would have us review the case under a "clearly erroneous" standard. Although an inadequate brief in itself does not render an appeal frivolous, such a brief considered together with the record may reflect that no "fairly debatable" issue exists to justify an appeal.

We find nothing which points to a good faith belief in the merits of this appeal. The total lack of evidentiary support, the misstatements of the evidence, the apparent failure to research the law and supply authority for the point on appeal, the reference to the incorrect standard of review, and the minimal effort to present a fairly debatable issue convince us that this appeal is frivolous and an attempt to delay the dissolution proceedings or harass the wife.

Accordingly, we affirm the judgment awarding the wife temporary maintenance. In determining the appropriate amount of damages to award the wife, we consider her request at trial for $500 attorney fees as well as the unnecessary burden the husband placed upon her and her attorney. *See Surber v. Surber*, 556 S.W.2d 54, 57 (Mo.App.1977). We determine $1,000 to be proper damages and order that sum as well as costs of this appeal to be charged against the husband. The case is remanded for further proceedings with directions that upon the entry of judgment in the dissolution proceedings the husband be charged with the $1,000 damages in favor of Mrs. Jensen in addition to any other monetary allowances the trial court may make to the wife for maintenance, child support, attorney fees, and costs in the dissolution proceedings. Costs of this appeal are hereby taxed against appellant.

All concur.

**2.** *Thummel v. King* held that citation of authority was not necessarily required in cases where the point advanced is a matter of first impression or a matter of logic, policy or analysis of statutory or documentary language. The court emphasized, however, that "[i]f the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail." *Id.* at 687.