**Dana Wayne GRAF, Appellant,**

v.

**Theresa Lynn Graf BACON,
Respondent.**

**No. WD 42585.**

Missouri Court of Appeals,
Western District.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1990.

Application to Transfer Denied
Jan. 9, 1991.

J. Michael Murphy, Liberty, for appellant.

Kenneth H. Taylor, James O. Swaney, Jr., Independence, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Presiding Judge.

Husband appeals from the trial court's adverse ruling on husband's motion to modify divorce decree with respect to child support, and award of $950 attorney's fees to wife.

The divorce decree was granted April 7, 1988. Husband got custody of the two children of the marriage, Jennifer, born August 23, 1980, and Dana, Jr., born May 13, 1979. Wife was required by the terms of their separation agreement, which was approved by the court and incorporated in the dissolution decree, to "maintain health, medical, dental and optical insurance coverage on behalf of the minor children so long as said insurance coverage is available to Wife through her employment." The agreement also provided that each parent should pay one-half of all uninsured health, medical, dental and optical costs of the children, and wife was "to purchase school clothes for both minor children each and every Fall season at a cost of approximately $200.00 per child."

Husband is seeking what would amount to a substantial increase in the child support payable by wife. Wife is now paying $98 each two weeks for medical insurance for herself and four children (the two Graf children, and two children by other marriages in wife's custody); how much is for the two Graf children the record does not show. If two-fifths of the insurance premium is for them, the amount would be $1,019.20 per annum. With the addition of $400 for school clothing, the total would be $1,419.20. In addition, wife is responsible for one-half the uninsured medical, dental and optical expenses, but we have no way to estimate that. Husband, in lieu of these provisions, is asking the award of $300 per month for the children, for a yearly child support payment from wife of $3,600.

Husband on March 6, 1989, filed his motion to modify the decree with respect to child support. It alleged that "the prior order requiring no regular support is unreasonable," and requested that husband be awarded $400 (reduced in his testimony to $300) per month child support to be paid by wife. The court, as noted above, denied said motion on the ground that no change of circumstances had been shown to justify a modification of the decree, § 452.370, RSMo 1986, and awarded wife $950 attorney's fees. Husband says no change of circumstances needs to be pleaded or proved in this case.

 Husband on appeal argues first that no child support was ordered in the original decree, and that he therefore was not required to plead and prove a change of circumstances in order to justify an award of child support. Husband calls upon those cases which hold that, where the original decree was silent as to child support, the court may award child support upon a subsequent motion to modify, without any

showing of a change of circumstances since the original decree. In those cases the court is not modifying the decretal provisions as to child support, but is actually adjudicating a point which should have been adjudicated but had been improperly omitted in the original decree. *See, e.g., Roberts v. Roberts*, 292 S.W.2d 596, 598–99 (Mo.App.1956); *Goldstein v. Goldstein*, 237 Mo.App. 274, 165 S.W.2d 876, 878–79 (1942).

■ In the case before us, however, the court did award child support in the original decree, and those cases are not applicable which allow modification of child support provisions of a dissolution decree without any change of circumstances. Child support need not in every case be in the form of regular monthly payments to the custodial spouse. The decree called for the wife's provision of medical insurance for the children, and for payment by the parents equally of uninsured medical expenses. It provided that the wife should provide approximately $200 worth of clothing for the children each fall. It is no valid objection to the child support provisions of a dissolution decree that it may "require payments by the supporting parent to third parties such as schools, camps, or health care providers." *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 539 (Mo.App.1981); *see also Toomey v. Toomey*, 636 S.W.2d 313, 315 (Mo. banc 1982), *cert. denied*, 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 955 (1983); *Biggs v. Biggs*, 397 S.W.2d 337, 342–43 (Mo.App.1965).

■ Husband then says the present judgment is too vague to be enforceable, and it therefore may be said to be silent as to child support. In support of this proposition, he cites those cases which hold that a judgment, to be enforceable, must be definite enough that it can be determined by ministerial officers, without a hearing and without the consideration of extrinsic evidence. *See, e.g., Newport v. Newport*, 759 S.W.2d 630, 637 (Mo.App.1988); *Pettigrew v. Pettigrew*, 619 S.W.2d 364, 365 (Mo.App.1981); *Rodden v. Rodden*, 527 S.W.2d 41, 43–44 (Mo.App.1975).

■ It is now settled in Missouri, however, that child support and maintenance provisions of a dissolution decree in order to be enforceable do not need to be so definite in amount that a ministerial officer could determine the amount owing without resort to extrinsic evidence, so long as the provision contains criteria from which the court upon a hearing could determine the obligation of the parties. *See Glassberg v. Obando*, 791 S.W.2d 486, 488–90 (Mo.App. 1990); *Hahn v. Hahn*, 785 S.W.2d 756, 758–59 (Mo.App.1990); *Echele v. Echele*, 782 S.W.2d 430, 434 (Mo.App.1989); *Payne v. Payne*, 635 S.W.2d 18, 22 (Mo. banc 1982); *Bryson v. Bryson*, 624 S.W.2d 92, 94–98 (Mo.App.1981). The absence of such criteria, however, although it may render the faulty provision unenforceable, does not render it a nullity, as husband would have it, so that it may be said that the decree is silent as to child support. The use of the word "void," sometimes used in opinions to describe such judgments, is casual and not calculated. The vague provision has enough force that it may be the basis for a new order correcting the deficiency of the original upon motion to modify. *Glassberg*, 791 S.W.2d at 488–90; *Toomey*, 636 S.W.2d at 316.

Husband, though, is not seeking clarification of the vague provision. No dispute has arisen between the parties as to the meaning of it; they have placed their own construction upon the allegedly vague provision, to which each has given his or her tacit consent. Husband rather is arguing that the decree is void for vagueness, it is therefore silent as to child support, and he can secure a modification without showing any change of circumstances. The cases cited above, however, negate husband's argument, and the vagueness of the decree does not allow him to secure an increase in child support without showing a change of circumstances.

■ Husband complains of the trial court's award of wife's attorney's fees of $950. The amount of the attorney's fees does not seem to be exorbitant in light of the services rendered by the attorney to the wife, and the time expended. The mat-

ter of placing all the onus of his own and wife's attorneys' fees upon husband is arguable—which is only to say, the issue might have been decided either way. The trial court is granted a wide discretion in the award of attorney's fees. *Granat v. Scott,* 766 S.W.2d 748, 749 (Mo.App.1989). We have examined the evidence with reference to the relative financial positions of the parties and have determined that the trial court was guilty of no abuse of discretion in deciding the attorney's fees issue as he did.

Judgment affirmed.

All concur.