In re the MARRIAGE OF Kelly J. LUNA and Laura J. Luna.

Kelly J. LUNA, Appellant,

v.

Laura J. LUNA, Respondent.

No. 18449.

Missouri Court of Appeals, Southern District, Division One.

June 15, 1993.

Don M. Henry, Henry & Henry, P.C., West Plains, for appellant.

Steven Privette, Willow Springs, for respondent.

CROW, Presiding Judge.

Kelly J. Luna appeals from an order which, *inter alia,* increases his child support obligation to his ex-wife, Laura J. Luna, for their son, Kaleb Joseph Luna (born January 1, 1987), and requires him (Kelly[1]) to bear a greater share of the medical expense for Kaleb. Addressing the issues requires an abbreviated chronicle of the litigation.

August 1, 1990. Trial court files decree dissolving the marriage of Kelly and Laura. Decree awards Kelly and Laura joint legal and physical custody of Kaleb with proviso that each parent shall have physical custody "for alternating one week periods," i.e., from 6:00 p.m. Friday until 6:00 p.m. the next Friday. Decree further provides:

> ... the Court shall and hereby does, take the issue of child support under advisement. The Court finds that while [Laura] is not now employed she is capa-

1. For brevity and clarity, we refer to the parties and their child by their respective first names.

ble of working and contributing to the support of the minor child. It is further ordered, adjudged and decreed that all medical, doctor, hospitalization, dental and pharmaceutical expenses incurred by, or on behalf of, the minor child shall be borne equally by [Kelly] and [Laura].

August 15, 1991. Trial court, after hearing evidence, "dismisses" a motion to modify filed by Laura. Docket entry includes this: "Parties to submit information for support order."

January 8, 1992. Parties present written stipulation to trial court that Kelly shall pay Laura $75 per month child support, retroactive to October 1, 1991. Court makes docket entry: "Stipulation of parties approved. So ordered."

March 14, 1992. Kelly files motion averring Kaleb will start school in August, 1992, and the parties cannot agree on whether he shall attend the Dora school system (where Kelly resides) or the Willow Springs school system (where Laura resides). Motion prays for order that Kaleb attend Dora schools. Alternatively, motion prays that if court determines Kaleb shall attend Willow Springs schools, court "make such orders regarding the custody and visitation of [Kaleb] as the Court deems just and appropriate and in the best interests of the minor child."

April 14, 1992. Laura files motion to dismiss Kelly's motion.

August 5, 1992. Trial court denies Laura's motion to dismiss and grants her 20 days to plead.

September 14, 1992. Trial court conducts evidentiary hearing on Kelly's motion of March 14, 1992. That pleading is the only one pending, as Laura filed no further pleading after denial of her motion to dismiss.

September 17, 1992. Trial court files order that Kaleb be enrolled in Dora school system or any school district on which parents agree. Order contains directives regarding school transportation, care of Kaleb by grandparents, use of automobile seat belts for Kaleb's safety, fenced play area for him at Kelly's place of employment, custody during summer vacation,

telephone contact, and confrontations by parents in Kaleb's presence. Additionally, order raises child support payable by Kelly to Laura to $144 per month. Order further provides:

[Kelly] shall at the minimum take out a twenty-four hour school medical and dental policy on the minor child, or carry medical insurance on the child. In addition, [Kelly] shall cover and be responsible for 100% of all medical/dental bills while child is in his care and shall be responsible for 50% of all medical/dental bills (excluding orthodonistry [sic] unless agreed to by parties) while the child is in [Laura's] care.

Kelly brings this appeal from the September 17, 1992, order. His sole point relied on asserts the trial court erred in (a) ordering him to provide medical and dental insurance for Kaleb, (b) raising the child support, and (c) increasing the percentage of medical and dental expenses for Kaleb which Kelly must bear. Kelly maintains no pleadings were filed by either party requesting the trial court to enter orders regarding those matters.

■ Before addressing Kelly's assignment of error, we are confronted by Laura's contention that the order is unappealable in that it is "a temporary order not final for purposes of appeal." Laura bases her argument on a provision in the order reading:

This Order is temporary in nature and not final at this time. The Court desires to review the progress of this joint custody arrangement at 11:00 a.m. on January 6, 1993, (not necessary for child to be present). The parties need only appear if they wish to present evidence or argue the untenability of the Decree.

We need not decide whether the above provision makes the order "temporary." Even if it does, the portions of the order regarding child support, medical insurance and medical expenses are appealable. *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 682[1] (Mo.App.E.D.1982); *In re Marriage of Deatherage*, 595 S.W.2d 36, 37–38[4] (Mo.App.S.D.1980).

Returning to Kelly's assignment of error, we first consider the increase in child

support. While there was brief testimony by Kelly about his income (initially in response to questioning by the trial court and later in response to questioning by Laura's lawyer), and briefer testimony by Laura about her income (in response to questioning by her lawyer), neither party presented the trial court a completed Civil Procedure Form No. 14.[2]

The role of Form 14 in a proceeding to modify a child support order is defined by § 452.370, RSMo Cum.Supp.1990, and Rule 88.01, Missouri Rules of Civil Procedure (effective April 1, 1990). Section 452.370 provides, in pertinent part:

1. ... the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.... If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

. . . .

Rule 88.01 provides, in pertinent part:

. . . .

(e) ... There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for ... child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the

court ... enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

■ Missouri cases uniformly hold that in any proceeding where child support is adjudicated, the use of Form 14 in calculating presumed child support is mandatory. *Tuning v. Tuning*, 841 S.W.2d 264, 266–67[1] (Mo.App.S.D.1992); *Kieninger v. Kieninger*, 836 S.W.2d 515, 517–18 (Mo.App.E.D.1992); *K.R.W. by A.C.S. v. D.B.W.*, 830 S.W.2d 38, 40–41 (Mo.App.W.D.1992); *Buchanan v. Buchanan*, 828 S.W.2d 946, 949 (Mo.App.W.D.1992); *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 398 (Mo.App.S.D.1992); *Campbell v. Campbell*, 811 S.W.2d 504, 505–06 (Mo.App.W.D.1991).

■ Here, Kelly did not seek modification of the existing child support order, and Laura filed no pleading seeking affirmative relief. Consequently, neither of them tendered a completed Form 14 at trial. Although the order appealed from mentions "Rule 88," the record is void of any indication that either party or the trial court endeavored to calculate the "presumed child support amount" in compliance with the directions for use of Form 14. Because this mandatory task was ignored, we hold the trial court erred in changing the existing child support order.

We reach the same conclusion regarding the trial court's orders about medical and dental insurance for Kaleb and the parties' respective obligations for his medical expenses.

*Graf v. Bacon*, 800 S.W.2d 88 (Mo.App.W.D.1990), recognizes that an order requiring a parent to maintain medical insurance for a child is, in effect, an order for child support. *Id.* at 90. The opinion explains:

Child support need not in every case be in the form of regular monthly payments to the custodial spouse. The decree called for the [non-custodial parent's] provision of medical insurance for the children, and for payment by the parents equally of uninsured medical ex-

---

**2.** Civil Procedure Form No. 14 and the directions for its use appear in Missouri Rules of

Court, pp. 380–84 (West 1993).

**486**

penses.... It is no valid objection to the child support provisions of a dissolution decree that it may require payments by the supporting parent to third parties such as schools, camps, or health care providers. *Id.*

■ Here, the order appealed from (1) requires Kelly to obtain medical insurance for Kaleb—a duty not assigned Kelly by the dissolution decree—and (2) increases the percentage of Kaleb's medical expenses for which Kelly is responsible. Applying *Graf*, we hold these new responsibilities constitute an increase in Kelly's child support obligation.

The record is bare of any evidence regarding the cost of medical insurance for Kaleb. Consequently, there was no way such cost could be taken into account in determining Kelly's child support obligation. *See:* Comment "(A)" following the Directions for Use of Form 14. Because of this omission and the failure to utilize Form 14 to calculate the presumed child support amount, the order requiring Kelly to obtain medical insurance for Kaleb and to bear an increased percentage of Kaleb's medical expenses cannot stand.

The provision in the trial court's order of September 17, 1992, commanding Kelly to pay Laura child support of $144 per month is reversed. The child support order of January 8, 1992, remains in effect, subject to future modification or abatement as provided by law. The provision in the trial court's order of September 17, 1992, regarding medical and dental insurance for Kaleb and increasing the percentage of medical and dental expenses for Kaleb which Kelly must bear is likewise reversed. The order in the dissolution decree addressing those subjects remains in effect, subject to future modification or abatement as provided by law. As no error is assigned in this appeal regarding the remaining provisions in the order of September 17, 1992, those provisions are affirmed.

PARRISH, C.J., and SHRUM, J., concur.