Robert W. EPPLE, Jr., Appellant,

v.

Elizabeth Rossetti EPPLE, Respondent.

No. WD 49367.

Missouri Court of Appeals,
Western District.

March 7, 1995.

Edward G. Clausen, Jefferson City, for appellant.

Carlyle L. Foley, Columbia, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and BERREY, JJ.

FENNER, Chief Judge.

Despite the absence of several important pleadings in the record, the relevant facts as best we can determine from the record are as follows:

On September 2, 1993, Robert W. Epple, Jr. ("Robert") filed a Petition for Dissolution of Marriage against his wife, Elizabeth Rossetti Epple ("Elizabeth"), which is still pending, in the Boone County Circuit Court. The parties have two minor children whose primary custody lies with Elizabeth.

Following a hearing held on January 10, 1994 on Elizabeth's Motion for Temporary Allowances, the circuit court entered an order dated March 31, 1994 which awarded Elizabeth $700 per month temporary maintenance, ordered Robert to maintain house payments in the amount of $660 per month, and awarded Elizabeth $1,000 in attorneys fees pending trial. This was in addition to child support payments in the amount of $873 per month which was the result of an agreement between the parties. Robert filed a Motion for Reconsideration of the March 31 order. On April 11, 1994, the circuit court held a hearing on Robert's Motion for Reconsideration and on a motion filed by Elizabeth requesting Robert be ordered to pay uninsured medical expenses of the parties' children. The court entered an order on April 13, 1994 which denied Robert's Motion for Reconsideration and ordered the parties to share equally in the uninsured medical expenses. Robert appeals both orders.

Robert raises two points on appeal. First, he claims the trial court erred in ordering him to pay Elizabeth temporary maintenance of $700.00 per month, to maintain house payments in the amount of $660.00 per month,

and to pay Elizabeth $1,000.00 for attorney's fees because the award is not supported by substantial evidence and fails to consider his ability to pay. Second, Robert contends the trial court erred in ordering him to pay one-half of the uninsured medical expenses of the children because such payments cause the total amount of child support to exceed the Form 14 presumptive amount.

■ Initially, we note that the pendente lite orders for temporary maintenance are final and appealable. *Jensen v. Jensen*, 670 S.W.2d 16, 17 (Mo.App.1984); *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 682 (Mo.App.1982). In a court-tried case, the trial court will be affirmed by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In his first point, Robert contends the trial court erroneously applied the law because it failed to take into consideration his ability to meet his own needs while meeting Elizabeth's needs as required by § 452.335.2(8), RSMo Cum.Supp.1993.[1] *See Jensen*, 670 S.W.2d at 18. Section 452.335.2 requires a maintenance order to be in such amounts and for such periods of time as the court deems just after considering all relevant factors, including among other things:

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

At the January 10 meeting, both parties presented evidence as to their monthly income and expenses. According to Robert, his monthly net income is $3,084.73 and monthly expenses, including servicing pre-separation marital debts (particularly, credit card debts), total $2,196.00. Therefore, after paying the agreed upon child support payment of $873.00, he is unable to pay the court-ordered maintenance, house payment

1. Robert erroneously cites to § 452.335.2(a). There is no such subsection. Based on his argument, we assume he meant to cite to § 452.335.2(8).

and attorneys fees.[2] Thus, he urges, the court must have failed to consider his ability to meet his own needs as required under § 452.335.2. We disagree.

Elizabeth testified she has no income. She testified that in addition to the house payment, she had monthly household expenses of $700.00. She further testified that the house was uninhabitable because of a serious plumbing problem and that her 1984 Chevrolet Cavalier needed $400.00 in repairs (and that the safety of her vehicle without the repairs was questionable).[3] She also testified that the children were in need of therapy.[4]

■ The purpose of temporary awards in dissolution cases is to maintain the status quo pending final judgment. *Jensen*, 670 S.W.2d at 18. "The court's discretion in awarding temporary maintenance and attorney's fees pendente lite is broader than at the dissolution hearing, and a reviewing court is extremely cautious about altering judgments regarding such allowances because they are temporary and their effects do not extend beyond the final hearing of the case." *Camden v. Camden*, 844 S.W.2d 75, 78 (Mo.App.1992) (Internal citation and quotation omitted). Furthermore, the trial court has broad discretion in applying the factors listed in § 452.335 as it is in a position to determine the witnesses' credibility and evaluate the merits of each party's expense claims. *Id.* (citation omitted).

We find that the trial court did not fail to consider Robert's ability to meet his own needs. Furthermore, his ability to meet his own needs is only one factor to be considered by the trial court. Under § 452.335.2, the court must also consider the financial resources of the party seeking maintenance and her ability to meet her needs independently, the comparative earning capacity of each spouse, the standard of living established during the marriage, the obligations and assets of each party, the duration of the marriage, the age, physical and emotional condition of the spouse seeking maintenance, and any other relevant factors. In light of the relative income and expenses of the parties, we cannot say the trial court failed to consider Robert's ability to meet his own needs and therefore did not erroneously apply the law.[5]

Robert also contends that since his evidence as to his own net income and expenses was uncontroverted, there is no substantial evidence to support the award of maintenance, house payments, and attorneys fees because the award makes it impossible for him to meet his own expenses. As we have already stated, there was testimony as to Elizabeth's income and expenses. Further, it does not matter that Robert's evidence as to his own income and expenses was uncontroverted: his needs are only one factor the court is to consider when making a temporary award of maintenance. We find there was substantial evidence to support the trial court's award. Robert's first point is denied.

■ Robert's second point is that the trial court erred in ordering him to pay one-half of the uninsured medical expenses of the parties' children because such payments

2. In particular, if Robert pays all his own monthly expenses and the child support and the court-ordered maintenance, house payment and attorneys fees, he will have a monthly shortfall of $1,344.27.

3. In contrast, she testified that Robert drives a "relatively new" (1991) truck, the payments for which he claimed as one of his monthly expenses.

4. There were allegations that Robert had sexually abused the two children, both girls. As this was not an issue in these proceedings, there was very little evidence as to this allegation except that the girls were represented by a guardian ad litem and that Robert's visitation of the girls was supervised. He denied sexually abusing the girls, but did not deny that they might need therapy.

5. Robert claims Elizabeth's evidence regarding her household expenses was vague and did not constitute "adequate proof of her needs" because, generally, she did not give specific numbers regarding her expenses. Robert, on the other hand, prepared a detailed document setting forth his monthly income and expenses. However, he cites no authority for the proposition that this is relevant to this appeal.

cause the total amount of child support to exceed the Form 14 presumptive amount in that payments of a child's uninsured medical expenses is a payment of child support.

The parties agreed to a child support payment of $873.00. That figure is a compromise by the parties based on the parties' Form 14 calculations.[6] Under Rule 88.01, there is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient to rebut the presumption if the court enters a written finding or a specific finding in the record that the amount calculated under Form 14 is unjust or inappropriate. Rule 88.01; *Marra v. Marra*, 857 S.W.2d 520, 522 (Mo.App.1993).

Regarding the order requiring Robert to pay one-half of the childrens' uninsured medical expenses, Robert relies primarily on *Adelman v. Adelman*, 878 S.W.2d 871, 873 (Mo.App.1994), which held that "[a] provision calling for payment of uninsured medical expenses constitutes payment of child support." Thus, according to Robert, the order requiring him to pay one-half of the childrens' uninsured medical expenses in addition to the Form 14 amount he was already paying was error since the trial court did not expressly state the Form 14 calculations were unjust or inappropriate. We agree.

Elizabeth points out that *Adelman* was decided after the trial court's order requiring Robert to pay one-half of the uninsured medical expenses. She questions whether we should apply *Adelman* retroactively, particularly to a temporary order. However, we need not apply *Adelman* retroactively to decide this issue. In its decision, the court in *Adelman* relied on two earlier decisions on the issue, namely, *In re Marriage of Luna,*

855 S.W.2d 483 (Mo.App.1993), and *Graf v. Bacon,* 800 S.W.2d 88 (Mo.App.1990). In *Graf,* the court held an order requiring a parent to maintain medical insurance for the child and to share equally in uninsured medical expenses is, in effect, an order for child support. *Id.* at 90.

> Child support need not in every case be in the form of regular monthly payments to the custodial spouse. The decree called for the [non-custodial parent's] provision of medical insurance for the children, and for payment by the parents equally of *uninsured medical expenses....* It is no valid exception to the child support provisions of a dissolution decree that it may 'require payments by the supporting parent to third parties such as schools, camps, or health care providers.'

*Id.* (Emphasis added, citations omitted).

In *Luna,* relying on *Graf,* the court held that an order requiring the non-custodial parent to obtain medical insurance for the child (a duty not assigned to that parent by the dissolution decree) and which *increased the percentage of the child's medical expenses for which the non-custodial parent was responsible* constituted "an increase in [the non-custodial parent's] child support obligation." *Luna,* at 486. Because of the holdings of these two cases, particularly *Luna,* we need not rely on *Adelman* to find that the trial court's order requiring Robert to pay one-half of the uninsured medical expenses of the children is an increase in his child support obligation. Thus, we need not reach the issue of whether we can apply *Adelman* retroactively.[7]

As a result, the order requiring Robert to pay one-half of the childrens' uninsured medical expenses causes Robert's total amount of child support to be greater than the Form 14 amount. Since the trial court did not expressly state that it found the Form 14

---

6. Robert's Form 14 resulted in a child support payment of $868.00: Elizabeth's was $879.00. By agreement, the parties split the difference.

7. Rule 88.01 states that the rebuttable presumption that the Form 14 amount is the proper

amount to be awarded in *"any judicial or administrative proceeding* for dissolution of marriage, legal separation, or child support." (Emphasis added). Therefore, the fact that this is a temporary order makes no difference on this point.

amount to be unjust or inappropriate, the order requiring Robert to pay the uninsured medical expenses was error.

The judgment of the trial court is affirmed except for the terms ordering Robert to pay one-half of the childrens' uninsured medical expenses which portion of the judgment is reversed.

All concur.