Gwen E. ANDERSON, Appellant/Cross–Respondent,

v.

Norman E. ANDERSON, Respondent/Cross–Appellant.

No. WD 56261.

Missouri Court of Appeals, Western District.

Sept. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1999.

Application to Transfer Denied Dec. 21, 1999.

Edwin C. Clausen, Jefferson City, for Appellant.

James W. Riner, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Gwen and Norman Anderson divorced on July 17, 1998, after 16 years of marriage. The circuit court divided their property and ordered Norman Anderson to pay $1100 a month in maintenance to his wife for 18 months. On appeal, Gwen Anderson contends that the circuit court erred in limiting the duration of the maintenance to 18 months. Norman Anderson cross-appeals. He asserts that the circuit court erred in awarding Gwen Anderson any maintenance. We reverse in part and affirm in part.

Section 452.335.1, RSMo 1994, permits the circuit court to award maintenance if it finds that the spouse seeking it lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment.[1]

■ Gwen Anderson contends that the circuit court erred in limiting the duration of the maintenance to 18 months. A maintenance award of limited duration "is justified only where substantial evidence exists of an impending change in financial condition of the parties." *Allen v. Allen,* 961 S.W.2d 891, 896 (Mo.App.1998). Judicial preference is for maintenance awards of unlimited duration. *Id.*

■ Gwen Anderson argues that no evidence establishing a reasonable expectation of impending change in the parties' financial conditions justified a maintenance award of limited duration. We presume that the circuit court ordered termination of maintenance after 18 months because Gwen Anderson will be entitled to receive income distributions from Norman Anderson's retirement savings plan at that time. The retirement plan, however, is invested in stock funds, so the amount of distribution that Gwen Anderson will receive and the parties' future financial conditions are relatively uncertain. Awarding maintenance to Gwen Anderson for only 18 months required some assumption that the retirement plan available to Gwen Anderson at the end of the 18 months would produce sufficient returns to provide her adequate support—an assumption that the circuit court should not have made.

■ This court's Eastern District faced this issue in *Jung v. Jung,* 886 S.W.2d 737 (Mo.App.1994), in which the circuit court had awarded the wife a share of the husband's pension and profit sharing plans. The wife could not take income from the plans until she was 59½ years of age—5½ years from the date of the judgment. The circuit court awarded modifiable maintenance with no termination date. The *Jung* court rejected the husband's argument that the maintenance award should terminate when the wife reached 59½ years of age because "[a]wards of limited duration should not be based on speculation as to the future condition of the parties." *Id.* at 741. The court noted that instead of limiting the duration of the maintenance award, the husband should request the circuit court to modify the award if and when the wife's circumstances change. Thus, as was the case for the husband in the *Jung* case, Norman Anderson's proper recourse is to move for modification of maintenance

---

1. Gwen Anderson suffers from fibromyalgia and osteoarthritis since March 1990. Norman Anderson does not contest that she is disabled and not capable of gainful employment.

when Gwen Anderson's share of the retirement plan becomes available to her. *Id.*

In his cross-appeal, Norman Anderson asserts that the circuit court erred in awarding *any* maintenance to Gwen Anderson. He contends that the circuit court awarded Gwen Anderson sufficient property and other assets with sufficient equity[2] to allow her to be self-supportive. The thrust of Norman Anderson's argument is that if Gwen Anderson liquidated some of the assets awarded to her, she could become self-supportive.

■ It is well settled that a spouse is not required to deplete his or her portion of marital assets for living expenses to be entitled to maintenance. *Witt v. Witt,* 930 S.W.2d 500, 503 (Mo.App.1996). The circuit court, however, must consider interest income from the investment of marital property in determining maintenance. *Van Natter v. Van Natter,* 988 S.W.2d 110, 113 (Mo.App.1999).

■ Gwen Anderson included in her net monthly income $450 in net rent from rental properties. She also presented income projections based on her selling the property and investing the net proceeds at 8 percent per annum. The circuit court, therefore, had before it evidence regarding the reasonable expectations of investment income from the property. Contrary to Norman Anderson's assertion, Gwen Anderson need not deplete her marital property to be entitled to maintenance. *See Witt,* 930 S.W.2d at 502–04 (wife not required to consume cash before being awarded maintenance because investment income from cash and employment did not meet her monthly expenses).

Norman Anderson asserts that, because Gwen Anderson would not have to sell all of her property to be self-supportive, the circuit court erred in concluding that she could not be self-supportive without "dissi-

pating her assets." He argues dissipating assets means using all assets for expenses. He argues that by using the word "dissipate" in its order, the circuit court "based the award of maintenance to [Gwen Anderson on the belief that she] could not be self-supportive without completely using the property awarded to her in the dissolution." He asserts that Gwen Anderson could meet her expenses by selling only 12 percent of the property awarded to her, and she would still have substantial assets available to her.

■ While we recognize that some cases use the word "dissipate" when explaining that a party need not dissipate his or her share of a marital property division before he or she is entitled to maintenance, the cases also use the words "consume" or "deplete." *See Baldridge v. Baldridge,* 789 S.W.2d 816, 818 (Mo.App.1990); *In re Marriage of Chorum,* 959 S.W.2d 900, 907 (Mo.App.1997); and *Witt,* 930 S.W.2d at 503. Regardless of the word chosen, however, the cases do not require the party to use his or her portion of the property division to meet his or her expenses. *See Van Natter,* 988 S.W.2d at 113–14; *Witt,* 930 S.W.2d at 503–04.

We affirm the circuit court's award of maintenance to Gwen Anderson; however, we reverse the circuit court's decision to limit the duration of the maintenance to 18 months.

EDWIN H. SMITH, Presiding Judge, and FOREST W. HANNA, Judge, concur.

---

2. The circuit court awarded to her the residence and two rental properties with combined equity of $111,641.06, bank accounts totaling $28,110, miscellaneous securities val-

ued at $30,414.15 on July 1, 1998, and her own and a portion of Norman Anderson's retirement account valued at $171,781.74 at the date of trial.