154 S.W.3d 419 (2005)
In re the Marriage of Deloris E. ASHLOCK, Petitioner-Appellant,
v.
Jack Carroll ASHLOCK, Respondent-Respondent.
No. 26273.
Missouri Court of Appeals, Southern District, En Banc.
December 30, 2004.
Application for Transfer Denied January 21, 2005.
Application for Transfer Denied March 1, 2005.
*420 Susan S. Jensen, Pratt, Fossard & Jensen, LLC, Springfield, for appellant.
Mark J. Millsap, Brett W. Roubal, Baird, Lightner & Millsap, P.C., Springfield, for respondent.
KENNETH W. SHRUM, Judge.
Deloris Ashlock ("Wife") appeals a judgment that denied her request for temporary maintenance. Wife alleges the trial court erred when it denied her motion because the court "erroneously required Wife to consume her marital property before finding she is entitled to maintenance." We disagree. We affirm.

STANDARD OF REVIEW
A judgment that awards or denies temporary maintenance is final and appealable. In re Marriage of Deatherage, 595 S.W.2d 36, 37-38 (Mo.App.1980). We will affirm the trial court's judgment on temporary maintenance issues unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. Fox v. Fox, 866 S.W.2d 501, 503[1] (Mo.App.1993).
In determining whether to allow temporary maintenance, a trial court enjoys broad discretion; in fact, this discretion is broader than that a trial court possesses when rendering a final dissolution judgment on a maintenance issue. Epple v. Epple, 893 S.W.2d 886, 888 (Mo.App.1995). Further, this discretion extends to the court's application of the statutory factors that must be considered when a request for temporary maintenance is to be determined. Id. Appellate courts are "extremely cautious" about altering a trial court's judgment regarding temporary maintenance. Fox, 866 S.W.2d at 503.

FACTS
In 1994 Wife met Jack Ashlock ("Husband") in Florida. As the relationship progressed, Wife and her four children moved to Missouri from West Virginia to live with Husband. The couple married approximately one year later in 1996.
During their marriage, the family lived luxuriously. Their lifestyle included a 10,000 square-foot, seven bedroom home, expensive cars and gifts, and numerous vacations per year. Although Wife was capable of working as a nurse, the couple decided that she would not work during the marriage. In June 1997, Husband and Wife had their only child, Cole. In November 1998, the couple separated. In August 2002, Wife filed for divorce.
On the same date, Wife filed her motion for temporary maintenance, child support, and allowances. In that motion, Wife claimed that she was "destitute of the means of supporting herself and the minor child" pending resolution of the dissolution action. In his pro se answer to Wife's motion, Husband averred that he fully supported Wife and the children during the marriage and separation.
At the hearing on the motion for temporary maintenance and support, the evidence supported Husband's allegation *421 made in his answer. For instance, before the marital home sold, Husband paid all of Wife's expenses and gave her $3000 per month. In January 2003, the marital home sold for $950,000. At closing, Wife received approximately $470,000 of the sale proceeds and Husband received an equal amount. Thereon, Wife moved into a three-bedroom house for which Husband paid the rent, i.e., $1300 per month. Concurrently, Husband began paying $525 per month in storage unit fees (for storing furniture) and gave Wife $3000 per month in cash. As part of this arrangement, Husband asked Wife to invest the $470,000 and live in the rented house "for a while until she saw how things were going." Wife, however, ignored this suggestion.
Instead, Wife opted to buy a 4800-square foot, newly-built home for $350,000, using part of the $470,000 in her possession as a down payment. Moreover, she used some of the $470,000 for improvements on the brand-new home. For instance, Wife spent over $7000 for "master bath shutters," "blinds," and "kitchen top treatment." Also, Wife installed a $50,000 swimming pool. While Wife was spending money in this fashion, Husband continued to pay Wife $3000 per month. In addition, he was paying over $1700 per month for her bills.
Wife introduced an income and expense statement at the motion hearing in support of her request for temporary maintenance in the amount of $6233. When the hearing concluded, the court ordered Husband to pay $1705 per month in temporary child support, but denied Wife's request for temporary maintenance. In doing so, the court found, inter alia, that Wife had sufficient property to provide for her reasonable needs, to wit: $200,000 cash remaining from the proceeds of the marital home. This appeal followed.

DISCUSSION AND DECISION
Wife's single point relied on maintains the trial court erred in denying her temporary maintenance
"because its finding that Wife did not lack sufficient property to provide for her reasonable needs was based solely upon Wife having cash available to her from the sale of the marital home and the trial court therefore erroneously required Wife to consume her marital property before finding she is entitled to maintenance...."
(Emphasis supplied.) To support this argument, Wife cites four cases containing the well-established rule that a person seeking maintenance is not required to consume or deplete his or her marital property to meet his or her expenses before being entitled to maintenance.[1] The fallacy in Wife's argument and the reason her cited cases are inapposite is that the judgment from which she appeals was entered before the $200,000 or any other marital property was set off or apportioned to either party.
With certain notable exceptions, marital property means all property acquired by either spouse subsequent to the marriage. § 452.330.[2] When parties separate, "[i]t is not unusual for a spouse to dispose of or expend marital property or income prior to the proceeding to distribute property." Stratman v. Stratman, 948 S.W.2d 230, 239 (Mo.App.1997). At this stage of the proceedings (separation pending dissolution), however, the marital property does *422 not belong to either spouse; the ultimate disposition is still to be determined. Tzinberg v. Tzinberg, 631 S.W.2d 681, 682 (Mo.App.1982).
Consequently, absent restraint from a court, either spouse is entitled to spend marital assets for necessaries such as living expenses. "[F]unds used for reasonable living expenses are not to be included in the division of marital property." Petties v. Petties, 129 S.W.3d 901, 906[4] (Mo.App.2004). As spent funds no longer exist at the time of property distribution, a court cannot consider such in the division of marital property unless the court concludes that a spouse squandered the asset. Id. at 906.
Because Wife appealed the denial of her motion for temporary maintenance, the court was free to consider the amount of money she possessed when making its ruling. Due to the stage at which this appeal has been presented, the cases cited by Wife are distinguishable. Those cases were presented to the appellate court after a division of marital assets occurred. The significance of this distinction becomes apparent upon examining the statute that authorizes a temporary maintenance award.
Section 452.315.5 provides that a court "may issue ... an order for temporary maintenance ... in such amounts and on such terms as are just and proper in the circumstances." Any such order shall be "[o]n the basis of the showing made and in conformity with section 452.335." Id.; Jensen v. Jensen, 670 S.W.2d 16, 18 (Mo.App.1984).
The referenced statute, i.e., section 452.335.1 that was made applicable to temporary maintenance awards via section 452.315.5, sets forth a two-part threshold test. "The court must first consider whether the party requesting maintenance has sufficient property, including marital property divided during the dissolution proceedings, to provide for his or her reasonable needs." In re Marriage of Murphy, 71 S.W.3d 202, 205 (Mo.App.2002) (emphasis supplied). If the party seeking maintenance lacks sufficient property to meet his or her needs, the court then must determine if the party's reasonable needs can be met through appropriate employment. Id.
It necessarily follows, however, that when a motion for temporary maintenance is ruled before marital property is apportioned, it (marital property awarded to the temporary maintenance movant) cannot be part of the analysis. The property considered by the court here was simply not the property of either spouse. Tzinberg, 631 S.W.2d at 682. Consequently, the premise of Wife's argument is faulty, i.e., that the trial court's rejection of her maintenance request forced her to consume her marital property.
Since the $200,000 had not been awarded to Wife, she could spend it for her reasonable needs without adverse consequences and, in doing so, would not be consuming or depleting her marital property. For this reason, the cases Wife cites and the principle espoused therein have no application. We hold, therefore, that the trial court did not abuse its discretion when it denied Wife's temporary maintenance request for the reason that she had $200,000 to meet her reasonable expenses. We do so because even if Wife has to spend part or all of the $200,000 to meet her reasonable needs, it does not follow that she was forced to spend her marital assets, as she contends.
In so holding, we are not suggesting Wife has free rein to squander or secrete the $200,000 without adverse consequence to her. See Stratman, 948 S.W.2d 230. Moreover, our opinion is not to be read as suggesting Wife's post-separation expenditures and asserted "needs" were reasonable. *423 We need not reach that issue. We simply hold that Wife had $200,000 in cash available to meet her needs and the trial court's rejection of her claim for temporary maintenance did not force Wife to expend her marital funds as she claims. Her point lacks merit and is denied.[3]
The judgment is affirmed.
PREWITT and BARNEY, JJ., PARRISH and GARRISON, P.J., and BATES, C.J., concur.
RAHMEYER, J. concurs in separate opinion.
NANCY STEFFEN RAHMEYER, Judge, concurring.
Based on the limited development of the record at the temporary hearing, I concur in the result; however, I write separately to emphasize that we are not abandoning all of the principles set forth in Cross v. Cross, 790 S.W.2d 928 (Mo.App. E.D.1990). Although it is a given that the $200,000.00 which Wife had in her possession was not her marital property because the property had not been divided by the court in the dissolution, the fact remains that it was marital property pursuant to a dissolution action. Likewise, the $200,000.00 in Husband's possession is not his marital property and must be appropriately apportioned in the dissolution. It is still the purpose of temporary allowances to maintain the status quo pending final judgment. Id. at 929.
NOTES
[1] These cases are Leslie v. Leslie, 827 S.W.2d 180, 183 (Mo.banc 1992), Anderson v. Anderson, 5 S.W.3d 535, 537 (Mo.App.1999), In re Marriage of Chorum, 959 S.W.2d 900, 907 (Mo.App.1997), and In re Marriage of Schatz, 768 S.W.2d 607, 612 (Mo.App.1989).
[2] All statutory references are to RSMo (2000), unless otherwise indicated.
[3] To the extent that our opinion conflicts with Cross v. Cross, 790 S.W.2d 928 (Mo.App.1990), we decline to follow that case based upon the reasoning stated in our opinion.