**Charlene May COX, Respondent,**

v.

**Steven Lane COX, Appellant.**

**No. WD 65761.**

Missouri Court of Appeals, Western District.

Aug. 1, 2006.

William Edgar Shull, Jr., Liberty, MO, for appellant.

Patricia Louise Hughes, Liberty, MO, for respondent.

Before EDWIN H. SMITH, P.J., PAUL M. SPINDEN and JAMES M. SMART, JR., JJ.

PER CURIAM.

Steven Cox appeals the motion court's ruling ordering him to pay temporary maintenance in the amount of $785 per

month and an additional $1,250 in temporary attorney fees. He argues that the ruling cannot be affirmed without evidence concerning his financial condition. We dismiss the appeal.

### Procedural and Factual Background

Charlene Cox ("Wife"), respondent, filed a Petition for Dissolution of Marriage to end her six-year marriage to Steven Cox ("Husband"), appellant, on February 14, 2005. They had been separated since December 15, 2004, when Wife had a severe stroke and entered the hospital. She was in the hospital until the end of February and was maintained on a feeding tube until the end of June 2005. The stroke left Wife partially paralyzed and unable to work.

Wife filed a motion under section 452.315[1] for a restraining order, preliminary injunction, support money, maintenance, attorney's fees, and money and costs pendente lite. That motion is the subject of this appeal. A hearing on the motion was held on July 15, 2005. At that hearing, Wife testified that her disability payments had ended and she was out of money. She was asking the court to order Husband out of the house, a non-marital asset Wife had purchased in 1979 and was still making payments on, in order to sell it. She also requested maintenance to make up for her $1,500 a month shortfall between her income and expenses. Finally, she requested Husband to pay part of her attorney's fees.

The evidence at the hearing showed that Husband is employed by the Liberty School District. It also showed that he was abusive to her and had changed the locks on the house preventing her from reentering and collecting any non-marital items inside the house. These actions were also preventing Wife and her daughter, with whom she was currently living, from entering the home to prepare it for sale.

The motion court granted a temporary order and preliminary injunction preventing Husband from removing or damaging any property within the house, and to deliver possession to Wife and execute a listing agreement and any other documents related to selling the house. The court also ordered Husband to pay $785 per month to Wife for temporary support and $1,250 in temporary attorney's fees. This appeal follows.

An order that awards or denies temporary maintenance is appealable. *Ashlock v. Ashlock,* 154 S.W.3d 419, 420 (Mo.App.2004). However, pursuant to Rule 74.01 and Supreme Court precedent, an order that is of an appealable type is not appealable until the appealability has been procedurally perfected. The ruling must also be designated as appealable pursuant to Rule 74.01 by the expression of the term "judgment" or "decree." *See Brooks v. Brooks,* 98 S.W.3d 530 (Mo. banc 2003); *In re Marriage of Coonts,* 190 S.W.3d 590, 603 (Mo.App.2006). In this case, the appealability of the ruling has not been perfected in accordance with Rule 74.01; therefore, it may be dismissed.

In the interest of judicial economy, we would note, in *obiter dictum,* that because the evidence at the hearing showed that husband was employed with the Liberty School District, and because the husband chose to present no further evidence, it will be difficult for the husband to show an abuse of discretion in the award of tempo-

---

1. All statutory references are to Revised Statutes of Missouri, 2000, unless otherwise noted.

rary maintenance. *See Ashlock,* 154 S.W.3d at 420.

## Conclusion

The appeal is dismissed.